# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN M. JOHNSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 15-2214 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## O R D E R

This matter is now before the Court on Petitioner, Shawn M. Johnson's ("Johnson"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Johnson's § 2255 Motion [1] is DENIED.

### BACKGROUND

On September 12, 2012, Johnson was charged with distribution of more than 28 grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On August 8, 2013, he pled guilty pursuant to a written plea agreement, which included a waiver of collateral review. The PSR determined that Johnson was a career offender pursuant to U.S.S.G. § 4B1.1 based on prior adult convictions for residential burglary and unlawful delivery of cocaine. He was sentenced to 180 months' imprisonment on December 6, 2013. No direct appeal was pursued. However, Johnson's sentenced was subsequently reduced to 127 months on the Government's motion.

Johnson now brings this § 2255 motion in which he argues that he was improperly sentenced as a career offender based on Johnson v. United States, 135 S.Ct. 2551 (2015). The Government has filed its response, and this Order follows.

## DISCUSSION

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), *citing Scott v. United States*, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

Johnson would appear to be barred from bringing this § 2255 motion by virtue of the fact that his plea agreement contains a waiver of his right to bring a collateral attack on his sentence. So long as the plea agreement stands, the waiver of the right to appeal or pursue collateral relief must generally be enforced. Id., *citing* United States v. Wagner, 103 F.3d 551 (7th Cir. 1996); Jones v. United States, 167 F.3d 1142, 1144-45 (7th Cir. 1999) (finding that the right to appeal can survive

a waiver where the agreement itself is involuntary, the trial court relied on a constitutionally impermissible factor, or the sentence exceeded the statutory maximum). The validity of the appeal waiver depends on whether the waiver was "express and unambiguous" and whether the record clearly shows that the waiver was made "knowingly and voluntarily." United States v. Woolley, 123 F.3d 627, 632 (7th Cir. 1997); Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011).

Here, the plea agreement contained a clear waiver of the right to bring a collateral attack on his sentence and conviction.

> 29. The defendant also understands that the defendant has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that the defendant received ineffective assistance from the defendant's attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands the rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the defendant's right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in the plea agreement, the defendant hereby knowingly and voluntarily waives the defendant's right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include the defendant's right to challenge the conviction or sentence, including the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

Paragraph 30 then provided a personal acknowledgment of the voluntariness of the waiver and request that the Court accept the waiver so that Johnson could receive the full benefit of his plea agreement.

Johnson does not allege that he did not understand the waiver or ask to vacate his plea. Rather, he argues that the waiver should not apply because in sentencing him as a career offender, the Court "relied on a constitutionally impermissible factor of prior past adult conduct of a violent felony or crime of violence to enhance a guideline sentence." In his traverse, he also suggests that he received ineffective assistance when counsel advised him that his burglary was a crime of violence for purposes of the enhancement.

The seminal case on ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690.

To satisfy Strickland's prejudice prong in this case, Petitioner must demonstrate through objective evidence a reasonable probability that, but for counsel's purportedly erroneous advice, he would not have entered the guilty plea and would have insisted upon going to trial. Woolley, 123 F.3d at 635. "It is far from obvious how a petitioner is expected to make such a showing, but it is clear that 'merely making such an allegation is insufficient.'" United States v. Ryan, 986 F.Supp. 509, 513 (N.D.Ill. 1997), citing Key, 806 F.2d at 139; see also McCleese v. United States, 75 F.3d

1174, 1179 (7th Cir. 1996) (requiring that the petitioner establish through objective evidence that he would not have accepted the plea).

Initially, the Court notes that Johnson addressed the residual clause of 18 U.S.C. § 924(e), the Armed Career Criminal Act, not the career offender guideline enhancement of U.S.S.G. §4B1. However, the Seventh Circuit has assumed without specifically deciding that the holding would also apply to the career offender enhancement based on the virtually identical wording and interpretation of both clauses. Ramirez v. United States, 799 F.3d 845, 856 (7th Cir. 2015). Following this guidance and assuming that the holding in Johnson should be applied to sentence enhancements under the career offender guideline, Johnson is still not entitled to relief.

Johnson only invalidated the residual clause; the decision did not invalidate the specifically enumerated categories of conduct set forth in § 924(e)(2)(B)(ii), one of which is burglary. 135 S.Ct. at 2561-62. Similarly, under the career offender enhancement in § 4B1.2(a)(2), enumerated offenses that constitute a "crime of violence" include the burglary of a dwelling. As Johnson admits that he received the career offender enhancement based on a burglary, and his Presentence Report indicates that the prior conviction was a residential burglary, the Supreme Court's decision in Johnson does not apply to afford relief in his situation. He has therefore failed to demonstrate that counsel provided any deficient advice or that he was sentenced based on a constitutionally impermissible factor. Johnson is therefore not entitled to relief under § 2255.

## CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present

and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Here, no reasonable jurist could conclude that Johnson's claim is not either barred as a result of his knowing and voluntary waiver or simply without merit. Accordingly, this Court will not issue him a certificate of appealability.

## CONCLUSION

For the reasons set forth herein, Johnson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 [1] is DENIED. This matter is now terminated.

ENTERED this 16th day of November, 2015.

                                                s/ James E. Shadid
                                                James E. Shadid
                                                United States District Judge